FILED MAILROOM

NOV 13 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THOMAS D. TUKA, | ) |
| Petitioners, | ) |
| -vs- | ) |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and, MATTHEW P. DAVEY, Special Agent, IRS, | ) Case No. **1:08-mc-32-JFA** |
| Respondents. | ) |

**BRIEF IN OPPOSITION TO UNITED STATES' MOTION TO
DISMISS OR SUMMARILY DENY PETITION
TO QUASH THIRD-PARTY SUMMONS AND FOR
ENFORCEMENT OF SUMMONS**

COMES NOW, Petitioner *pro se*, Thomas D. Tuka ("Tuka") and hereby opposes the "United States' Motion to Dismiss or Summarily Deny Petition to Quash Third-Party Summons and for Enforcement of Summons" (hereinafter, "Motion to Dismiss"), for the reasons indicated hereinafter.

**Bad Faith: the fourth prong of the *Powell* standard.**

Probably the most important case setting forth the necessaries for a legitimate IRS administrative summons, is found in *United States v. Powell*, 379 U.S. 48. The "United States'" (hereinafter, "IRS") greatest failure of meeting this four-pronged standard, is its nonconformance with the requirement of good faith. The sum totality of circumstances

causes a reasonable person to believe that IRS Special Agent Matthew Davey (hereinafter, "Agent Davey") is not acting in good faith, in issuing numerous summonses to all kinds of third party record keepers, including the summons issued to Capital One Services, the subject of this litigation.

Agent Davey has been issuing summons all over the country in his investigation of Tuka, and has even improperly issued summonses to third parties that don't even fit the definition of "third party record keeper," as defined in the Internal Revenue Code ("IRC"); Davey has even summonsed private records of other persons that are not even the subject of his investigation. Tuka does admit, however, that this time, Davey has served a summons on a party that actually fits the definition of a "third party record keeper," as that term is defined by the Internal Revenue Code ("IRC"). Nonetheless, the numerous abuses of discretion evidences Agent Davey's bad faith.

The IRS asserts, *"Rather, the service may investigate on mere suspicion that the law is being violated, or even just because it wants assurances that it is not[,]"* citing *Powell*, supra. A review of the case law reveals, however, that such lax standards applies to filers who could be cheating on their taxes, claiming deductions and exemptions that they are not entitled to. Indeed, one who believes we are a nation of laws, and not of men, would not believe IRS agents can embark on any limitless fishing expedition at whim. The authority cited by the IRS almost entirely applies to those who have filed returns. The standard for those who have not filed returns is not quite so minimal, and therefore the summonsing power should not be allowed by our courts to be abused.

## The attestation requirement for third party summonses

The IRS states that its burden of proof in quash/enforcement proceedings is so minimal, that it can be absolutely satisfied by the submission of the affidavit of the Special Agent who issued the summons. Nonetheless, even if the showing is minimal, some showing must still be made.

The IRS makes the self-serving contention that because Agent Davey's Declaration states that he sent an *attested* copy of the summons on Capital One Services, he must be correct, and has therefore met that procedural requirement. See page 11-12, Motion to Dismiss and ¶ 8, Davey Declaration. The IRS[1] further states, "*It is unclear whether the petitioner is claiming that the summons sent to Capital One Services was not attested or that the copy sent to the petitioner was not attested.*" The IRS refers to the Davey Declaration, and this is were the opportunity to impeach Davey's affidavit first arises, for it appears that Davey's assertion that the summons was attested (¶ 8, Davey Declaration), is not in keeping with the facts.

To begin, we need to understand just what "attest" means and the nature of the Summons form itself.

Under IRC[2] § 7603 of the Internal Revenue Code of 1986, 100 Stat. 2778, as amended, 26 U.S.C. § 7603 (1988), a summons "*shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode....*" The requirement has its origin in the Act of July 13, 1866, § 9,

---

[1] Perhaps more precisely, Agent Davey. Government Officials can pretty much do any unethical thing they want, and it is generally deemed "official capacity."

[2] "IRC," of course, means "Internal Revenue Code"—Title 26 U.S.C.

14 Stat. 98, 102. A contemporary dictionary defines the word "attest" as *"to bear witness to; to certify; to affirm to be true or genuine; as, to attest the truth of a writing; to attest a copy of record."* Webster's Dictionary 90 (rev. ed. 1864).

It would have been quite natural for the members of the 39th Congress to require a separate attestation that the summons served was a true copy of the original. Summonses and copies thereof typically were handwritten in that era, and the attestation provided the summoned party with the assurance that the summons was genuine and correct. Carbon paper and typewriters were not widely used until later in the 19th and early 20th century, and photocopiers have become widely used only within the last thirty-five years or so.

For this reason, the IRS contends that the service of a carbon copy of an original summons satisfies the requirement of the statute today. It cannot be reasonably said, however, that Congress would, if it considered it, no longer require a separate attestation of copies of the original summons-especially in light of the ease with which documents may be made to appear genuine by the use of modern technology. We do know that Congress has retained the requirement, through revisions and re-enactments of the Internal Revenue Code in 1939, 1954, and 1986.

Wherefore, an "attested copy" of a document is "one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it. *Accord* Henderson v. United States, 778 F.Supp. 274, 277 (D.S.C.1991). *See also* Winter v. Casco Bank & Trust Co., 396 A.2d 1020, 1022 (Me.1979); *Black's Law Dictionary* 66 (5th ed. 1979); 4A Words & Phrases *Attest* 505-13 (1969 & Supp.1991).

It follows that the summonses issued in this case did *not* comply with the statute. Tuka's copy of the summons was apparently not a true copy of the one issued to the third party, if indeed, that copy of the summons was attested, because there was no indication of attestation upon Tuka's copy. The construction of the IRS Form 2039 consists of several pages; and it is filled out typically by using a ball point pen, pressing firmly on the form, so that the other carbon copies beneath the top copy come out clearly and identical to the top copy. Any writing on the front of a Form 2039 should appear on those copies beneath—such as a signature of attestation. As such, it is reasonable to conclude that Tuka was either never given a copy of the real third party summons; or the third party never received an attested copy—and the copy of the summons attached as the IRS' exhibit postdates the original deficient summons form. Such findings are consistent with the authorities cited above and preserves the meaning of a word which appears with some frequency throughout the United States Code.

## Was the Petition improperly served?

On page 5, the IRS asserts that because a summons was not served along with the Petition to Quash, that this Court has no authority to entertain this matter. Let us examine this matter logically. First, the purpose of a summons is to put a defendant (or the equivalent) on notice that there is a lawsuit going on, and he should not ignore the thing, or there will be consequences. It is proper to give notice to the ignorant, especially ignorance come by honestly, for it is only fair. Insofar as the matter of Tuka's having filed a petition to quash Agent Davey's alleged summons is concerned, neither Agent Davey nor the employees of the Department of Justice can claim ignorance. Their

Motion to Dismiss proves that. Nonetheless, the act of the IRS of filing its Motion to Dismiss is tantamount to acceptance of service, and its waving being formally served. Surely, the IRS would not present all these lengthy argumentative documents if it were to deny service. Perhaps the correct way to deny proper service would be mere silence, on the part of the IRS and Agent Davey. However, we find no such "silence" here. Service has been effectuated—the intellectually honest would not deny that.

Nonetheless, the rules governing service of Petitions to Quash Third Party Summonses may be found in Ch. 78 of Title 26, the Internal Revenue Code; and Tuka has complied with those provisions fully.

### There is nothing in the language of IRC § 6065 to support the theory that it is not applicable to the IRS

The Respondent claims that the IRS is not beholden to the provisions of IRC § 6065. That argument is meritless, as evidenced by the plain language of section 6065 of the Internal Revenue Code:

> *§ 6065. Verification of returns*
> *Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.*

If Congress did not intend for this provision to apply to the Internal Revenue Service, it would have said so, since Congress has a sufficient understanding of the English language to write statutes that set forth its intent.

WHEREFORE, Petitioner prays that this Court DENY Respondent's "United States' Motion to Dismiss or Deny the Petition to Quash and for Enforcement of the

Summons" and QUASH the Respondent's Third Party Administrative Summons to Capital One Services.

Respectfully submitted this 8th day of November, 2008,

*Thomas D. Tuka*
Thomas D. Tuka
P.O. Box 700
Beaver Falls, PA. 15010

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2008, the foregoing "MOTION FOR LEAVE TO FILE 'BRIEF IN OPPOSITION TO 'UNITED STATES' MOTION TO DISMISS OR DENY PETITION TO QUASH THIRD-PARTY SUMMONS AND FOR ENFORCEMENT OF SUMMONS' LATE," "BRIEF IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS OR DENY PETITION TO QUASH THIRD-PARTY SUMMONS AND FOR ENFORCEMENT OF SUMMONS" and this CERTIFICATE OF SERVICE, were sent by regular U.S. Mail, sufficient postage prepaid, to the following:

Anne E. Blaess, Asst. U.S. Atty.
U.S. Dept. of Justice
P. O. Box 227
Ben Franklin Station
Washington, D.C. 20044-7238

*Thomas D. Tuka* (signature)

Thomas D. Tuka
P. O. Box 700
Beaver Falls, Pa. 15010

Albert V. Bryan, Clerk
United States Courthouse
401 Courthouse Square
Alexandria, VA 22314