IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

THOMAS D. TUKA,                )
                               )
        Plaintiff,             )
                               )
            v.                 )     1:08mc32 (JCC)
                               )
UNITED STATES OF AMERICA,      )
et al.,                        )
                               )
        Defendants.            )

**M E M O R A N D U M     O P I N I O N**

This matter comes before the Court on the United
States's Motion to Dismiss or Summarily Deny Petitioner Thomas D.
Tuka's Petition to Quash Third-Party Summons and for Enforcement
of Summons (the "Motion").  For the reasons stated below, the
Court will **grant** the Motion.

### I. Background

On July 8, 2008, *pro se* Petitioner Thomas D. Tuka
("Petitioner") filed a Petition to Quash a Third Party Summons
(the "Petition") issued by the Internal Revenue Service (the
"IRS").[1]  The IRS, through its officer Special Agent Matthew
Davey ("Agent Davey"), sent a summons (the "Summons") to Capital
One Services ("Capital One") requesting all records related to

---

[1] The Petition to Quash names as respondent parties the United States,
the IRS, and Special Agent Matthew P. Davey.

Petitioner's financial transactions with Capital One for the years 2003 to 2006.  Pet. at ¶ 5 & Ex. 1.

In its Memorandum in Support, the United States (the "Government") acknowledges that the IRS is investigating Petitioner's tax liabilities for 2003, 2004, 2005, and 2006. Mem. in Supp. at 1.  As part of its investigation, the IRS issued the Summons to Capital One, in Richmond, Virginia, requesting the production of Petitioner's financial records and credit card records.[2]  *Id.* at 2.  Prior to the filing of the Petition, Agent Davey received a package containing some financial information from Capital One.  Upon receiving a copy of the Petition, Capital One stopped providing information.  Agent Davey has declared that he has not looked at and will not look at the contents of the package from Capital One until the Court rules on the Petition. *Id.* at 3, 7 n.1; Davey Decl. at ¶ 14.

The Government filed its Motion on October 22, 2008. Petitioner responded on November 13, and the Government submitted a Reply on November 19.  Petitioner did not appear at the hearing on the Government's Motion, and the Court approved the Proposed Order submitted by the Government.  This Memorandum Opinion supports the issuance of that Order and of a separate Order

_____

[2] Petitioner and Agent Davey are both residents of Pennsylvania.  Pet. at ¶¶ 2-3.  Because the Summons was sent to Capital One at its address in Richmond, Virginia, this Court has jurisdiction under 26 U.S.C. § 7609(h)(1). The statute grants jurisdiction over proceedings to quash brought pursuant to 26 U.S.C. § 7609(b)(2) to the "district court for the district within which the person to be summoned resides or is found."  26 U.S.C. § 7609(h)(1).

denying the Petition on the merits and enforcing the Summons.

## II. Analysis

The IRS has statutory authority to issue an administrative summons in order to gather information related to a tax investigation.  26 U.S.C. § 7602(a)-(b).  The IRS can issue a summons to third party record-keepers, including banks and other financial institutions.  *Id.* at § 7602(a)(2), § 7602(c), § 7603(b).  It does not need probable cause to issue a summons. *United States v. Powell*, 379 U.S. 48, 57 (1964).  Instead, its power to investigate is somewhat analogous to that of the Federal Trade Commission, as described by the Supreme Court in *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950): it "can investigate merely on suspicion that the law is being violated." *Powell*, 379 U.S. at 57.

When the IRS issues a summons to a third party, the IRS must provide notice to the taxpayer who is the subject of the investigation.  26 U.S.C. § 7609(a).  The taxpayer may file a petition to quash the summons, as Petitioner did here.  *Id.* at § 7609(b)(2).  In the proceeding that follows a petition to quash, the Secretary of the IRS "may seek to compel compliance with the summons."  *Id.* at § 7609(b)(2)(A).  To obtain enforcement of a summons, the IRS must demonstrate good faith by showing that: (1) "the investigation will be conducted pursuant to a legitimate purpose"; (2) "the inquiry may be relevant to the

3

purpose" of the investigation; (3) "the information sought is not already within the Commissioner's possession"; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Powell*, 379 U.S. at 57-58; *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).

The Government can demonstrate that it has made a prima facie case through an affidavit "of an agent involved in the investigation" that "aver[s] the *Powell* good faith elements." *Alphin*, 809 F.2d at 238 (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981)).  After the Government establishes a prima facie case, "the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process"; the petitioning party "bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." *Id.* (citation omitted). An evidentiary hearing on the petition may be necessary, but the right to such a hearing is not automatic. *Id.* (citation omitted).  In order to merit a hearing, the petitioner must allege specific facts, supported by affidavits, from which wrongful conduct by the IRS can be inferred. *Id.* The Government seeks to have the Summons enforced and requests that this Court dismiss or summarily deny the Petition.

A. Enforcement of the Petition

To make out a prima facie case for enforcement, the

Government must demonstrate that it has met all four *Powell* factors.  To do so, the Government submitted an affidavit from Agent Davey, the investigating agent in Petitioner's case.

### 1. Summons Issued for Proper Purpose

A summons may be issued, inter alia, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, [and] determining the liability of any person for any internal revenue tax."  26 U.S.C. § 7602(a).  The IRS also can issue a summons for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  *Id.* at § 7602(b).  Agent Davey testified that he issued the Summons in connection with an investigation "to determine [Petitioner's] correct tax liabilities and to determine whether [Petitioner] has committed any offense connected with the administration or enforcement of the internal revenue laws."  Davey Decl. at ¶ 3.  This testimony is sufficient to meet the first prong of the *Powell* test.  379 U.S. at 57.

### 2. Whether the Records Sought are Relevant

Under *Powell*, the second inquiry is whether the records sought "may be relevant to the purpose" of the investigation.  *Id.*  Agent Davey states in his declaration that the records sought may establish Petitioner's income during the years 2003 to 2006 and may show how the income was used; they also could reveal

what type of control Petitioner had over the accounts at issue and Petitioner's knowledge of financial activity within the accounts.  Davey Decl. at ¶ 5.  Agent Davey's declaration meets the second *Powell* requirement.

        3. <u>Whether the IRS Already Possesses the Records</u>

        Third, *Powell* asks whether the records sought are already within the possession of the IRS.  379 U.S. at 57-58. Agent Davey's declaration establishes that the records sought are not in the IRS's possession.  Davey Decl. at ¶¶ 10, 14.  Before Petitioner filed his Petitioner to Quash, Capital One sent the IRS a package purporting to contain material responsive to the Summons.  *Id.* at ¶ 14.  Agent Davey testified that he has not yet viewed the material and will not do so until this Court rules on the matter.  *Id.*

        The Court does not believe that the IRS's receipt of some sealed material, after the issuance of the Summons but before the third party received a copy of the Petition to Quash, undermines the Government's prima facie case.  One of the concerns in *Powell* was the potential use of summonses to harass taxpayers.  379 U.S. at 58.  To protect the taxpayer from abuse, *Powell* requires that the IRS not already possess what it intends to request at the time it issues the summons.  The danger of abuse based on repetitive requests is not present in this case, because the IRS did not have the material it seeks in its

possession when it issued its request.  Any reading that would
allow Petitioner to use the IRS's partial receipt of information
from Capital One against it would defeat the goal of the
administrative process set up to regulate the use of the summons,
which protects the taxpayer from abusive or arbitrary summonses
by providing a right to file a petition to quash.  The Court
finds that, under *Powell*, the IRS does not already possess the
information sought by the Summons.

       4. <u>Whether Administrative Procedure Was Followed</u>

       Finally, *Powell* requires the IRS to follow the
administrative steps set out in the Internal Revenue Code.  *Id.*
Agent Davey's affidavit states that he followed all required
administrative procedures in issuing the summons.  Davey Decl. at
¶ 13.  This declaration suffices to meet the Government's burden.
Having met its burden to show compliance with all four *Powell*
factors, the Government has made a prima facie case for
enforcement of the Summons.  The burden now shifts to Petitioner
to rebut one or more of the *Powell* elements or to meet the heavy
burden of demonstrating that enforcing the Summons would be an
abuse of the Court's process.  *United States v. McHenry*, 552 F.
Supp. 2d 571, 574 (2008); *see Alphin*, 809 F.2d at 238.

   B. <u>Petitioner's Showing</u>

       Petitioner raises six arguments in support of his
Petition to Quash: (1) the IRS already possesses the documents it

seeks and so the Summons must be quashed under *Powell*; (2) the Summons was not verified by a written declaration as required by 26 U.S.C. § 6065; (3) the Summons does not comply with 26 U.S.C. § 7603(a) because it was not attested; (4) the Summons does not meet the requirements for the release of records by financial institutions under 12 U.S.C. §§ 3403 and 3405; (5) the IRS has made an institutional commitment to prosecute Petitioner criminally and is attempting to use the Summons to gather evidence for a criminal investigation; and (6) the Summons was issued in bad faith under *Powell*.  Pet. at ¶¶ 8-14.

The Government contests each issue raised by Petitioner and requests that this Court either dismiss or deny the Petition and enforce the Summons.  The Government contends that the motion should either be dismissed for lack of personal jurisdiction (because of service errors under Rule 4) or, alternatively, that it should be denied because Petitioner's arguments lack merit. The Court finds that, even if the errors in service were corrected, Petitioner's arguments in favor of quashing the Summons would fail.  Because of this, the Court will deny Petitioner's attempt to quash the Summons on the merits.  The Court will also compel compliance with the Summons.  *See* 26 U.S.C. § 7609(b)(2)(A).

As discussed above, in subpart II.A.3, the Government has shown that it did not possess the records sought in a manner

that would undermine its prima facie case under *Powell*.
Petitioner's remaining arguments challenge the Government's
showing that proper procedure was followed (arguments 2-4) and
question whether the Summons was issued for a proper purpose
(arguments 5-6).

### 1. Procedural Arguments

Petitioner raises several grounds on which he argues
that the IRS did not follow proper procedure under the Internal
Revenue Code.  First, he asserts that the Summons was not
verified by a written declaration as required by 26 U.S.C.
§ 6065.[3]  Pet. at ¶ 9.  Section 6065, however, applies only to
returns and other documents submitted by taxpayers, not documents
issued by the IRS.  *See Morelli v. Alexander*, 920 F. Supp. 556,
558 (S.D.N.Y. 1996).  The law does not apply, for example, to
"notices issued by IRS agents."  *Thompson v. Internal Revenue
Serv.*, 23 F. Supp. 2d 923, 925 (N.D. Ind. 1998).

Second, Petitioner suggests that the Summons does not
comply with 26 U.S.C. § 7603(a).  That section requires the IRS
to serve a summons issued under § 7602 "by an attested copy."  If
the summons requests information from a third party record-
keeper, § 7609 states that the IRS must give notice to the person

---

[3] "Except as otherwise provided by the Secretary, any return,
declaration, statement, or other document required to be made under any
provision of the internal revenue laws or regulations shall contain or be
verified by a written declaration that it is made under the penalties of
perjury."  26 U.S.C. § 6065.

about whom information is sought, within three days, served "in the manner provided in section 7603 (relating to service of summons)." Agent Davey, in his declaration, testified that he served a copy of the Summons, containing the required attestation, on Capital One. Davey Decl. at ¶ 8. The "Service of Summons" notice, attached to the Government's brief as Exhibit 1, contains a certification, signed by Agent Davey, stating that he sent a copy of the Summons containing the required attestation to Capital One.

Petitioner argues that the copy of the Summons he received could not have been a true copy because it did not contain an attestation. Courts that have considered the issue, however, have found that § 7603 does not require the IRS to give an attested copy to the person to whom notice of the third party request must be given – that is, the target of the IRS's investigation. *See Kondik v. United States*, 81 F.3d 655, 656 (citing *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995); *Codner v. United States*, 17 F.3d 1331, 1333-34 (10th Cir. 1995)); *see also Davis v. United States*, WL 1358700, at *4 (W.D. N.C. Aug. 8, 2000) (report and recommendation); *cf. Mimick v. United States*, 952 F.2d 230 (8th Cir. 1991) (requiring an attestation for the copy of the summons sent to a third party record-keeper); *Henderson v. United States*, 778 F. Supp. 274 (D. S.C. 1991) (same).

This Court concurs with the authorities that have found that § 7609(a) does not incorporate the attestation requirement of § 7603 for the copy of the summons sent to the person who is the target of the investigation.  Moreover, § 7609 states that service can be made "in the manner provided in section 7603 . . . or [can be] mailed by certified or registered mail to the last known address of such person . . . ."  26 U.S.C. § 7609(a)(2) (emphasis added).  Requiring attestation when service is made by hand but not when it is made by mail would be illogical.  *See Codner*, 17 F.3d at 1333-34.  Because the IRS was not required to serve Petitioner with an attested copy of the Summons, the fact that Petitioner did not receive an attested copy of the Summons is insufficient to rebut the sworn testimony of Agent Davey.

Third, Petitioner argues that the Summons did not meet the requirements of 12 U.S.C. ¶¶ 3403 and 3405.  These sections, part of the Right to Privacy Act, outline certain procedures that must be followed before financial records are requested by government agencies.  A separate section of the Act, however, specifically exempts from the Act the disclosure of financial records pursuant to the Internal Revenue Code.  12 U.S.C. § 3413(c).  This exemption explicitly forecloses Petitioner's argument.

2. Purpose for Which Summons Was Issued

Petitioner's final arguments center on the supposed bad

11

faith of the IRS in issuing the Summons.  He asserts that the IRS believes him to be a "tax protester," that the IRS has abandoned "in an institutional sense" the pursuit of a civil tax collection, and that it launched the Summons in an attempt to gather evidence for a prosecution by the Department of Justice. Pet. at ¶¶ 12-14.  Petitioner appears to base this argument on *United States v. LaSalle National Bank*, 437 U.S. 298, 317 (1978), in which the Supreme Court held that a summons could not be issued under § 7602 after the IRS formed an "institutional commitment" to recommend criminal prosecution to the Department of Justice.

   After *LaSalle National Bank*, however, Congress amended § 7602(b) to allow the IRS to issue a summons "for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  *See* H.R. Conf. Rep. 97-760, at 584 (1982).  A different subsection of § 7602 prohibits the IRS from issuing a summons after it has made a referral to the Department of Justice for a criminal prosecution. *Id.* at § 7602(d).  Here, Agent Davey testified that there was no Justice Department referral in effect.  Davey Decl. at ¶ 14. Nothing in § 7602 prevented the IRS from issuing the Summons. Moreover, Petitioner has not pointed to any facts, except for his generalized suspicion that the IRS intends to prosecute him as a "tax protester," for bad faith on the part of the IRS.

12

In summary, Petitioner has not carried his burden of showing bad faith or of rebutting the Government's prima facie case for enforcing the Summons.  The Court will deny the Petition and enforce the Summons.

### III. Conclusion

For the foregoing reasons, the Court will **grant** the Government's motion, deny the Petition, and enforce the Summons.

An appropriate Order will issue.


January 5, 2008                                          /s/
Alexandria, Virginia                        James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE